PHILIP R. SELLINGER
United States Attorney
DAVID INKELES
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel.: (973) 645-2813
E-mail: david.inkeles@usdoj.gov
*Attorneys for Defendants*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROGER F. DURONIO,<br><br>*Plaintiff,*<br><br>v.<br><br>KELLY PARKER, et al.,<br><br>*Defendants.* | HON. JAMEL K. SEMPER, U.S.D.J.<br>HON. EDWARD S. KIEL, U.S.M.J.<br><br>Civil Action No. 23-1446 (JKS)(ESK) |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO DISMISS THE COMPLAINT

 

PHILIP R. SELLINGER
UNITED STATES ATTORNEY
*Attorney for Defendant*

DAVID INKELES
Assistant United States Attorney

## **TABLE OF CONTENTS**

Introduction ............................................................................................................................. 1

Discussion ............................................................................................................................... 1

    I.     The Opposition Does Not Offer Any Basis to Recognize a Novel *Bivens* remedy or Overcome Qualified Immunity ..................................................... 1

    II.    The Opposition Fails to Provide a Reason Any Official-Capacity Claims Can Proceed ................................................................................................. 3

Conclusion .............................................................................................................................. 5

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ............................................................................................... 3

*Davis v. Passman,*
   442 U.S. 228 (1979) ............................................................................................ 1, 2

*Egbert v. Boule,*
   596 U.S. 482 (2022) ............................................................................................... 2

*Erickson v. Pardus,*
   551 U.S. 89 (2007) ................................................................................................. 3

*Hernandez v. Mesa,*
   140 S. Ct. 735 (2020) ............................................................................................. 2

*Mack v. Yost,*
   968 F.3d 311 (3d Cir. 2020) ................................................................................... 3

*Mala v. Crown Bay Marina, Inc.,*
   704 F.3d 239 (3d Cir. 2013) ................................................................................... 3

*Polsky v. United States,*
   844 F.3d 170 (3d Cir. 2016) ................................................................................... 2

*Stacy v. United States,*
   70 F.4th 369 (7th Cir. 2023) .................................................................................. 4

*United States v. James Daniel Good Real Prop.,*
   510 U.S. 43 (1993) ................................................................................................. 4

*United States v. Norwood,*
   49 F.4th 189 (3d Cir. 2022) ................................................................................... 4

*United States v. Whitbeck,*
   869 F.3d 618 (8th Cir. 2017) ................................................................................. 4

*Xi v. Haugen,*
   68 F.4th 824 (3d Cir. 2023) ................................................................................... 2

*Ziglar v. Abbasi,*
   582 U.S. 120 (2017) ............................................................................................... 2

**Statutes**
18 U.S.C. § 3612(c) .................................................................................................. 4
18 U.S.C. § 3663A(d) ............................................................................................... 4
31 U.S.C. § 3716 ...................................................................................................... 4
42 U.S.C. § 1983 ...................................................................................................... 2

# INTRODUCTION

In their opening brief, ECF No. 9-1 ("MTD"), Defendants explained that the Complaint is subject to dismissal because it does not state a viable claim for relief. The Reply to Government's Motion to Dismiss, ECF No. 11 ("Opp."), does not alter that conclusion. As to the individual-capacity claims, Duronio appears to suggest that any Fifth Amendment *Bivens* claim—regardless of context, category of defendant, or special factors—is cognizable under *Davis v. Passman*. But the Supreme Court and Third Circuit have repeatedly rejected this argument, and Duronio offers no reason to depart from that precedent here. Duronio also makes no attempt to address qualified immunity or engage with the many grounds for dismissal as to any official-capacity claims. For the reasons below and in the opening brief, this Court should dismiss the Complaint in its entirety.

# DISCUSSION

## I. The Opposition Does Not Offer Any Basis to Recognize a Novel *Bivens* remedy or Overcome Qualified Immunity

As discussed in the opening brief, Duronio's claims seeking damages from Individual-Capacity Defendants Sellinger, Brown, Parker, and Malerba for alleged Fifth Amendment violations arising from the processing of a restitution debt fail to overcome two basic hurdles. As a threshold matter, the claims are not cognizable under *Bivens* or its progeny. *See* MTD, at 7-14. Second, they are independently barred by qualified immunity. *See id.*, at 14-17. The opposition ignores the latter basis for dismissal and, as to the antecedent question of whether a *Bivens* remedy is available, misapplies the relevant analysis.

1

As to the availability of a *Bivens* remedy, Duronio argues that his claims are "totally embraced by the ruling history of 'Bivens' cases." Opp., at 2. But Duronio points to only one case to support this proposition: *Davis v. Passman*, 442 U.S. 228 (1979). *See id.* In other words, he overlooks "the last four decades of intervening case law" since *Davis* was decided. *Egbert v. Boule*, 596 U.S. 482, 500-01 (2022) (explaining that *Davis* "carries little weight because it predates [the Supreme Court's] current approach to implied causes of action and diverges from the prevailing framework … in important ways."). Under the prevailing analysis, according to the Supreme Court and Third Circuit, the "category of new contexts is broad," the "threshold test is easily satisfied," and "even a modest extension is still an extension." *Xi v. Haugen*, 68 F.4th 824, 834 (3d Cir. 2023) (quoting *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020); *Ziglar v. Abbasi*, 582 U.S. 120, 147-49 (2017)). The opening brief discussed why Duronio's claims readily satisfy that test here, *see* MTD, at 9-10, and the opposition offers no basis to find otherwise.

Duronio likewise fails to address the alternative processes and other special factors identified in the opening brief that counsel hesitation against extending *Bivens* to the novel context alleged. *See* MTD, at 10-14. The opposition's reference to 42 U.S.C. § 1983, *see* Opp., at 2, is misplaced. Section 1983 "does not apply to federal actors," so it is of no moment here. *Polsky v. United States*, 844 F.3d 170, 173 (3d Cir. 2016); *see Abbasi*, 582 U.S. at 130 (explaining "Congress did not create an analogous statute [to Section 1983] for federal officials.").

2

In the end, Duronio's claims against Individual-Capacity Defendants Sellinger, Brown, Parker, and Malerba may only proceed if he satisfies the "demanding standard" set forth by the Supreme Court to imply a new *Bivens* remedy. *See Mack v. Yost*, 968 F.3d 311, 317 (3d Cir. 2020); *see also* MTD, at 7-14. The opposition makes no attempt to meet this test. For these reasons, as discussed more fully in the opening brief, the Court should dismiss all claims against the Individual-Capacity Defendants with prejudice.

## II. The Opposition Fails to Provide a Reason Any Official-Capacity Claims Can Proceed

As Defendants noted in the opening brief, the Complaint is unclear as to whether Duronio seeks to bring official-capacity claims against the United States, but to the extent the Court construes any such claims as alleged, those too are subject to dismissal. *See* MTD, at 18-24. The opposition is silent on these issues. And although Duronio rehashes certain factual allegations concerning the processing of his debt, he does so largely in a conclusory manner.[1]

---

[1] It is well-established that, while courts must accept well-pleaded allegations as true in evaluating a motion to dismiss, conclusory allegations lack any similar presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And although *pro se* complaints are "liberally construed" and "held to less stringent standards than pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* litigants must still comply with federal pleading requirements and offer sufficient allegations to state a claim for relief that is plausible on its face. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Duronio's assertion that the "Executive has taken money from [him] without due process of law," without more, is conclusory and should be disregarded.

Duronio, moreover, never identifies the legal basis that would allow any official-capacity claims to proceed, given that (1) sovereign immunity precludes constitutional damages claims against the United States; (2) any claim based on Treasury's actions in the context alleged is barred by 31 U.S.C. § 3716; (3) Duronio has not exhausted his administrative remedies to challenge the processing of his restitution debt;[2] and, on top of these concerns, (4) he does not plausibly state a Due Process or Equal Protection Clause violation. *See* MTD, at 18-24.[3] The opposition does not cure these defects, so the Court should dismiss the Complaint in its entirety.

---

[2] Equally without merit is the assertion that there was no basis for the United States to collect restitution from Duronio since the Restitution and Forfeiture Order lists the "payee (victim)" as UBS Financial Services, Inc. *See* Opp., at 2. At least two courts of appeal have rejected similar arguments. *See United States v. Whitbeck*, 869 F.3d 618, 620 (8th Cir. 2017) ("An order of restitution … is based on the victim's losses, but it is an obligation owed to the government."); *accord Stacy v. United States*, 70 F.4th 369, 375 (7th Cir. 2023). And any claim that Duronio's "restitution debt is not owed to the United States lacks statutory support." *Id.*; *see United States v. Norwood*, 49 F.4th 189, 197 (3d Cir. 2022) (explaining that the Mandatory Victims Restitution Act "provides for restitution orders to be enforced like fines by creating a lien in favor of the United States." (citing 18 U.S.C. § 3663A(d))); *see also* 18 U.S.C. § 3612(c) ("The Attorney General shall be responsible for collection of … restitution" as set forth in a judgment or order imposing restitution). Defendants also recognize that former U.S. District Judge Joseph A. Greenway, rather than former U.S. District Judge Jose L. Linares, presided over the underlying criminal case giving rise to the Restitution and Forfeiture Order. Undersigned counsel apologizes for this error in the opening brief. *See* MTD, at 2; *see also* Opp., at 1.

[3] Duronio's allegations regarding the charging of interest on his restitution debt and alteration in the payment schedule, *see* Opp., at 2, are insufficient to give rise to a due process violation. As explained in the opening brief, the fundamental elements of procedural due process are "notice and opportunity to be heard," *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 48 (1993), which Duronio had, and which resulted in him successfully negotiating the restitution payment down to a lower rate. *See* MTD, at 16-17 (citing Complaint, at 4-5); *see also* MTD, at 22-23 (addressing failure to allege procedural due process violation).

4

## CONCLUSION

For the reasons above and in the opening brief, the Court should grant Defendants' Motion to Dismiss (ECF No. 9) and dismiss the Complaint.

        Respectfully submitted,

        PHILIP R. SELLINGER
        United States Attorney

By:   s/ David Inkeles
       DAVID INKELES
       Assistant United States Attorney

Dated: January 25, 2024