

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

---

PHILIP R. SELLINGER
UNITED STATES ATTORNEY

*David Inkeles*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, NJ 07102*
david.inkeles@usdoj.gov

*main:* *(973) 645-2700*
*direct:* *(973) 645-2813*
*fax:* *(973) 297-2010*

February 5, 2024

**Via ECF**

The Honorable Jamel K. Semper
United States District Judge
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, New Jersey 07102

    Re:   *Duronio v. Parker, et al.*, Civ. No. 23-1446 (JKS) (ESK)

Dear Judge Semper:

    I am the Assistant United States Attorney representing Defendants in the above action brought by *pro se* plaintiff Robert F. Duronio concerning the enforcement of a restitution order against Duronio and his enrollment in the Treasury Offset Program. I respectfully write regarding Duronio's motion for early summary judgment (ECF No. 13). For the reasons below, Duronio's motion is premature and procedurally improper, and Defendants respectfully request that the Court hold the motion in abeyance until resolution of the pending motion to dismiss.

    Prior to Duronio moving for summary judgment, Defendants filed a motion to dismiss addressing all claims in the Complaint. *See* ECF No. 9. In the motion, Defendants raised several arguments in support of dismissal. Specifically, as to the individual-capacity claims, Defendants argued that (1) Duronio lacks a viable *Bivens* remedy, and (2) fails to overcome qualified immunity; and, as to any official-capacity claims, (3) sovereign immunity forecloses constitutional torts against the United States; (4) 31 U.S.C. § 3716 precludes any claims based on the Treasury's role in administering the restitution debt; (5) Duronio has not exhausted administrative remedies to challenge the processing of the debt by the Department of Justice; and, in addition to these concerns, (6) the Complaint does not plausibly state a Due Process or Equal Protection Clause violation. *See* ECF No. 9-1, at 7-24; ECF No. 12, at 1-4. The motion to dismiss, which is fully briefed and would potentially dispose of all claims in the Complaint, remains pending before the Court.

Because the parties have already briefed the threshold legal issues relevant to this case, the Court's determination of the pending motion to dismiss may moot out Duronio's motion for summary judgment. In addition, pursuant to Your Honor's Judicial Preferences, available at [https://www.njd.uscourts.gov/content/jamel-k-semper](https://www.njd.uscourts.gov/content/jamel-k-semper), "Parties may not file an early motion for summary judgment (i.e., prior to the close of fact discovery) without leave from either Judge Semper or the Magistrate Judge assigned to the case." Here, Duronio did not seek leave before filing his pre-discovery motion for summary judgment and so, apart from being premature, the motion is procedurally improper. For these reasons, and to conserve the resources of the parties and the Court, Defendants respectfully request that the Court hold Duronio's motion for summary judgment in abeyance pending the resolution of the fully briefed motion to dismiss.

We thank the Court very much for its consideration of this request.

    Respectfully submitted,

    PHILIP R. SELLINGER
    United States Attorney


By: /s/ David Inkeles
    DAVID W. INKELES
    Assistant United States Attorney

cc: *Pro Se* Plaintiff (by U.S. mail)