



✱ ORDER ✱

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

---

PHILIP R. SELLINGER
UNITED STATES ATTORNEY

David Inkeles
*Assistant United States Attorney*

970 Broad Street, Suite 700
Newark, NJ 07102
david.inkeles@usdoj.gov

main:  (973) 645-2700
direct: (973) 645-2813
fax:   (973) 297-2010

April 24, 2024

<u>Via ECF</u>
The Honorable James B. Clark
United States Magistrate Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re:   *Duronio v. Parker, et al.*, Civ. No. 23-1446 (JKS) (JBC)

Dear Judge Clark:

    I am the Assistant United States Attorney representing Defendants in the above action brought by *pro se* plaintiff Robert F. Duronio, which asserts individual-capacity claims against the Treasurer of the United States Marilyn Malerba, United States Attorney Philip Sellinger, and two United States Attorney's Office employees, Kelly Parker and Robin Brown.[1] I respectfully write regarding the Court's recent order scheduling a Rule 16 conference (ECF No. 16). For the reasons below, Defendants respectfully submit there is good cause to stay the Rule 16 conference and all discovery deadlines pending resolution of our motion to dismiss, which raises qualified immunity—as well as other threshold issues like sovereign immunity and the lack of a *Bivens* remedy.

    On December 11, 2023, Defendants filed a motion to dismiss all claims in the Complaint. As to the individual-capacity claims, Defendants argued that (1) Duronio lacks a *Bivens* remedy, and (2) fails to overcome qualified immunity; and, as to any official-capacity claims, (3) sovereign immunity bars constitutional torts against the United States; (4) 31 U.S.C. § 3716 precludes claims based on the Treasury's role in administering a restitution debt; (5) Duronio failed to exhaust administrative remedies to challenge the processing of the debt; and, in any case, (6) the Complaint does not state a Due Process or Equal Protection Clause violation. *See* ECF No. 9-1,

---

    [1] The Complaint also appears to bring official-capacity claims against these same defendants as well as the Attorney General and President of the United States, which are also the subject of the pending motion to dismiss.

at 7-24; ECF No. 12, at 1-4. The motion to dismiss, which is fully briefed and could dispose of all claims in the Complaint, remains pending before the Court.

As noted above, Individual-Capacity Defendants Malerba, Sellinger, Parker, and Brown have asserted qualified immunity, which is "an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 427 U.S. 511, 526 (1985) (emphasis added). The Supreme Court has long held that qualified immunity "is meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (quoting *Mitchell*, 472 U.S. at 526). In other words, qualified immunity prevents government officials from facing the burdens and distractions of discovery in the absence of a clearly established constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery."). "Until this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (where defendant raises qualified immunity, "the district court should resolve that threshold question before permitting discovery").

The Third Circuit has followed the Supreme Court's longstanding guidance on this issue. *See Oliver v. Roquet*, 858 F.3d 180, 188 (3d Cir. 2017) ("[U]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery" (quotations omitted)); *see also Thomas v. Independence Twp.*, 463 F.3d 285, 291 (3d Cir. 2006) ("The Supreme Court has admonished that 'until the threshold immunity question is resolved, discovery should not be allowed.'" (quoting *Harlow*, 457 U.S. at 818)). More still, subjecting defendants who have raised qualified immunity to discovery and other pretrial procedures without first addressing their defense "implicitly denie[s]" them qualified immunity. *Oliver*, 858 F.3d at 180; *see also In re Montgomery Cnty.*, 215 F.3d 367, 374 (3d Cir. 2000).

The above case law demonstrates that the Court should stay discovery pending resolution of the motion to dismiss, in which all *Bivens* defendants raise qualified immunity as a defense. *See* ECF No. 9-1, at 14-17; *see also Newsome v. City of Newark*, No. 13-6234 (CCC) (JBC), 2014 WL 1767562, at *2 (D.N.J. May 2, 2014) (finding "reasoning of the Supreme Court in *Harlow* and *Mitchell* applies and that a stay of discovery is warranted" pending resolution of motion to dismiss raising qualified immunity).

In addition to qualified immunity, the Defendants' motion to dismiss raises the lack of a *Bivens* remedy as a ground for dismissal. *Id.* at 7-14. The Third Circuit has described that issue as a "threshold question of law," emphasizing that "threshold questions are called that for a reason, and [so] it will often be best to tackle" whether a *Bivens* remedy exists before "risk[ing] needless expenditure of the parties' and the courts' time and resources." *Bistrian v. Levi*, 912 F.3d 79, 88-89 (3d Cir. 2018). That the motion to dismiss also asserts threshold jurisdictional and sovereign immunity defenses which would dispose of all official-capacity claims, *see* ECF No. 9-1, at 18-22, further demonstrates that the Court should stay discovery pending ruling on the motion. *See Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (recognizing "it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile.").

For the foregoing reasons, Defendants respectfully submit that there is good cause to stay the Rule 16 conference and all discovery deadlines pending resolution of Defendants' motion to dismiss. We thank the Court very much for its consideration of this request.

> Respectfully submitted,
>
> PHILIP R. SELLINGER
> United States Attorney
>
> By: /s/ David Inkeles
> DAVID W. INKELES
> Assistant United States Attorney

cc: *Pro Se* Plaintiff (by U.S. mail)

\* The June 26, 2024 initial Conference is adjourned pending disposition of the motion to dismiss. A new date, if necessary, will be set after a decision.

> SO ORDERED
> s/James B. Clark
> James B. Clark, U.S.M.J.
> Date: 4/25/24

3